# EXHIBIT A

| | |
|---|---|
| DISTRICT COURT, WELD COUNTY, COLORADO<br>Court Address: 915 10th Avenue, Greeley, CO 80631 | EFILED Document – District Court<br>2009CV1149<br>CO Weld County District Court 19th JD<br>Filing Date: Nov 19 2009 4:10PM MST<br>Filing ID: 28140495 |
| HOLLY AVERYT,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC., a Delaware corporation licensed to do business in the State of Colorado, and doing business as<br>WAL-MART SUPERCENTER #980;<br><br>WAL-MART REAL ESTATE BUSINESS TRUST, a Delaware Business Trust,<br><br>Defendant. | * COURT USE ONLY * |
| *Attorneys for Plaintiff:*<br>Name: Gregory A. Gold, No. 26064<br>THE GOLD LAW FIRM, L.L.C.<br>7375 E. Orchard Rd., Ste. 300<br>Greenwood Village, CO 80111<br>Telephone: (303) 694-4653<br>Facsimile: (303) 468-6155<br>Email: Greg@thegoldlawfirm.net<br><br>Name: Jeffrey R. Hill, No. 26099<br>JEFFREY R. HILL, P.C.<br>110 South Weber, Suite 103 A<br>Colorado Springs, Colorado 80903<br>Telephone: (719) 955-2600<br>Facsimile: (719) 955-2900<br>Email: jeffreyhillpc@yahoo.com | CASE NO.:<br><br>Division: Courtroom: |
| **COMPLAINT AND JURY DEMAND** | |

COMES NOW, Plaintiff, Holly Averyt, by and through her attorneys, and submits her COMPLAINT AND JURY DEMAND, by alleging as follows:

## INTRODUCTION

Plaintiff, Holly Averyt was trucker contracted to C.R. England Trucking Company who was delivering frozen dairy and deli goods to a Wal-Mart Supercenter in Greeley, Colorado, when she slipped and fell on used frying oil in the area near the grocery loading dock. She sustained disabling neck and shoulder injuries that cause her to seek redress by means of this lawsuit.

## GENERAL ALLEGATIONS

1. Plaintiff Holly Averyt is a resident of Cheyenne, Wyoming.

2. Defendant Wal-Mart Stores, Inc. is a foreign corporation licensed to do business in the State of Colorado

3. Defendant Wal-Mart Real Estate Business Trust, is a Delaware Business Trust whose legal address is 2001 SE 10th St. Bentonville, AR. 72712-0550.

4. Defendant Wal-Mart Real Estate Business Trust owns real estate (hereafter "the premises") that is commonly known as Wal-Mart Supercenter Store #980, and carries out the principal business activities of that store in the County of Weld, State of Colorado.

5. Wal-Mart Stores, Inc. and Wal-Mart Real Estate Business Trust act in concert, and as joint venturers with respect to the premises, and are jointly and severally liable for torts that occur on the premises as a result of the condition of the premises. They will hereafter be collectively referred to as "Wal-Mart".

6. Defendant "Wal-Mart" is and at all times mentioned in this Complaint was in possession and control of the premises upon which Plaintiff was injured, also commonly known as 3103 23rd Avenue, Greeley, CO 80631, including the loading dock area of those premises where truckers deliver goods to the store.

7. The premises, including the loading dock area, and the parking area immediately adjacent to the loading ramps, was open to business invitees such as Plaintiff.

8. Defendant Wal-Mart knew or should have reasonably known and expected that its facilities and operations, including disposal and removal from its premises of used frying oils, could pose a danger to business invitees if not carried out with reasonable care.

9. On December 13, 2007 Plaintiff Averyt was an independent contractor truck driver, working for C.R. England, delivering frozen dairy and deli goods from Wal-Mart's distribution center located in Cheyenne, Wyoming to Wal-Mart Store #980, located at 3103 23rd Avenue in Greeley, Colorado.

10. Unbeknownst to Averyt, the pavement in the area of the ramps leading to the grocery loading docks was contaminated with used frying oil or other greases, and that contamination was, for all practical purposes, undetectable through the exercise of reasonable care.

11.     Upon information and belief, the pavement was contaminated with used frying oil or grease as a result of activities associated with removal of used frying oils from Wal-Mart's premises.

12.     The grease, fat, or oil was invisible to Averyt, and to any reasonable person, and constituted a dangerous condition upon the premises.

13.     After Averyt stepped down from her truck, she slipped and fell on the contaminated pavement, sustaining multiple injuries, including a cervical spine injuries that have required two surgeries.

14.     Upon information and belief, one or more other truckers had notified Wal-Mart personnel of the dangerous condition prior to Plaintiff's fall, and Wal-Mart personnel did nothing to remedy the dangerous condition, nor to warn Plaintiff and others similarly situated.

15.     Prior to and contemporaneous with Plaintiff's injury, Wal-Mart and its personnel, failed to:

   a. generally provide an adequate used frying oil removal regime that did not result in spills and discharges;

   b. adequately clean the pavement once used frying oil spills had occurred;

   c. place cones, warnings, or cordons to alert Plaintiff to the hazardous condition of the pavement;

   d. issue oral or written warnings to truckers delivering goods to the premises.

16.     Such failures created a significant and unreasonable risk to Defendant Wal-Mart's business invitees, including Averyt.

17.     The injuries, damages and losses sustained by Averyt were directly and proximately caused by Defendant Wal-Mart's negligence, fault and misconduct as alleged through this Complaint.

18.     Defendant Wal-Mart is vicariously liable for the acts, omissions, negligence or fault of its employees, agents, subcontractors, and others acting on its behalf.

19.     Based on the factual allegations set forth in this Complaint, the Colorado Rules of Civil Procedure and case law governing pleadings, which allow for notice pleadings, Averyt need not specify any particular legal "claim" or theory of law to be entitled to relief under Colorado law. Although Averyt sets forth some specific and discrete "claims for relief" herein, she does not thereby waive relief based on any other legal claims not specified, as supported by the allegations.

20.     Venue is appropriate in Weld County, Colorado because the incident occurred in Greeley, Colorado.

## FIRST CLAIM FOR RELIEF
(Negligence of Wal-Mart)

21. Plaintiff re-alleges, and incorporates by reference the foregoing paragraphs.

22. Defendant Wal-Mart owed a duty of care to exercise reasonable care to create and maintain a safe and secure environment for its guests and business invitees, including Averyt.

23. In particular, Defendant Wal-Mart and its personnel had a duty to use reasonable care to protect its guests and business invitees from hazardous conditions on the premises.

24. Defendant Wal-Mart had a duty to employ adequate and qualified personnel to provide and maintain safe walking surfaces for its guests and business invitees, including Averyt.

25. Defendant Wal-Mart had a duty to properly and adequately train its personnel to remedy hazardous conditions on the premises, including spills of used frying oils.

26. Defendant Wal-Mart and its personnel knew, or in the exercise of reasonable care should have known, that its business activities associated with disposal of used greases, fats, and frying oils, if improperly performed, could create an extreme pedestrian fall hazard to business invitees including Averyt.

27. Defendant Wal-Mart and its personnel knew, or in the exercise of reasonable care should have known, that spills of greases, oils, and fats in the loading dock area could and would create an unreasonable hazard to truckers delivering goods unless reasonable measures were taken to prevent such spills and/or remove them when they occurred.

28. Defendant Wal-Mart failed to take reasonable precautions to provide for the safety of its guests and business invitees, including Averyt, in that:

   a. it failed to use a safe, spill free procedure for removing greases, fats and used frying oils from its premises;

   b. it failed to clean such spills up when they occurred;

   c. it failed to adequately and properly train its personnel to act on warnings provided by delivery truckers who observed and reported the hazardous condition;

   d. it failed to issue any warnings whatsoever;

29. Because of Defendant Wal-Mart and its personnel's various failures, it breached its duties owed to Averyt.

30. Defendant Wal-Mart is vicariously liable for the acts, omissions, negligence or fault of its employees, agents, subcontractors, and others acting on its behalf.

31. As a direct and proximate result of the conduct of Defendant Wal-Mart, Averyt suffered physical injuries and damages.

## SECOND CLAIM FOR RELIEF
(Premises Liability)

32. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs.

33. By alleging a premises claim expressly, plaintiff does not thereby waive or impair any right to alternative claims or relief, supported by law or the facts alleged herein. See, CRCP 8.

34. By pleading this claim, Plaintiff is also not conceding that it is applicable.

35. At the time of the incident, Defendant Wal-Mart and its personnel owned and operated Wal-Mart Supercenter Store # 980 a.k.a. 3103 23rd Avenue, Greeley Colorado.

36. At all relevant times, Averyt was a business invitee of Wal-Mart.

37. At all relevant times, Averyt was an invitee as defined by C.R.S. § 13-21-115 (the Act).

38. Defendant Wal-Mart and its personnel owed Averyt various duties under the Act.

39. Defendant Wal-Mart and its personnel breached said duties owed to Averyt.

40. As a direct and proximate result of Defendant Wal-Mart and its personnel's breaches of such duties, Averyt suffered physical injuries and damages.

## SPECIFIC ALLEGATIONS OF DAMAGES

Plaintiff re-alleges and incorporates by reference the foregoing paragraphs.

41. As a direct and proximate result of Defendants' breaches of their legal duties, plaintiff was injured, and suffered economic, non-economic, physical impairment and disfigurement damages.

WHEREFORE, Plaintiff prays for judgments against Defendants, and each of them, as follows:

    a. For an amount that will reasonably compensate Plaintiff for economic losses;

    b. For an amount that will reasonably compensate Plaintiff for non-economic losses;

    c. For an amount that will reasonably compensate Plaintiff for physical impairment;

    d. For an amount that will reasonably compensate Plaintiff for disfigurement;

    e. For pre and post-judgment interest from the date of the incident.

  f.  For costs and for such other and further relief as the Court deems appropriate.

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

Respectfully submitted this 19th day of November, 2009.

            JEFFREY R. HILL, P.C.

         By:  */s/ Jeffrey R. Hill*
             Jeffrey R. Hill

            THE GOLD LAW FIRM.

         By:  */s/ Gregory A. Gold*
             Gregory A. Gold

Plaintiffs Address:

Ms. Holly Averyt
3008 Terry Road, Lot 19
Cheyenne, WY 82007

*In accordance with C.R.C. P. 121 §1-26(9) a printed copy of this document with original signatures is being maintained by the filing party and will be made available for inspection by other parties or the court upon request.*