# EXHIBIT B

| | |
|---|---|
| DISTRICT COURT, JEFFERSON COUNTY, COLORADO<br>100 Jefferson County Parkway<br>Golden, CO 80401 | DATE FILED: December 9, 2013 4:45 PM<br>FILING ID: C08A2F4E9E52F<br>CASE NUMBER: 2013CV32289 |
| Plaintiff:<br><br>WAL-MART STORES, INC., a Delaware corporation,<br><br>vs.<br><br>Defendants:<br><br>FRONT RANGE ENVIRONMENTAL, a Colorado limited liability company; FRONT RANGE ENVIRONMENTAL, LLC, an Illinois limited liability company; CUSTOM ENVIRONMENTAL SERVICES, INC., a Colorado corporation; and POWER SERVICES COMPANY, a Colorado corporation | ▲ COURT USE ONLY ▲ |
| Michael L. Hutchinson, Reg. No. 20853<br>David E. Wilson, Reg. No. 32597<br>Katharine A. Jensen, Reg. No. 43863<br>TREECE ALFREY MUSAT P.C.<br>999 18th Street, Suite 1600 South Tower<br>Denver, CO 80202<br>Telephone: (303) 292-2700<br>hutch@tamlegal.com; dwilson@tamlegal.com;<br>kjensen@tamlegal.com<br>*Attorneys for Plaintiff* | Case No.<br><br>Ctrm./Div. |

## COMPLAINT AND JURY DEMAND

Plaintiff Wal-Mart Stores, Inc. ("Wal-Mart"), by and through its undersigned counsel, Treece Alfrey Musat P.C., for its Complaint and Jury Demand against Defendants Front Range Environmental, Front Range Environmental, LLC, Custom Environmental Services, Inc., and Power Services Company, states, alleges and avers as follows:

### PARTIES

1.    Plaintiff Wal-Mart is a Delaware corporation with its principal place of business in Bentonville, Arkansas.

2.     Defendant Front Range Environmental is a Colorado limited liability company with its principal place of business in the City and County of Denver, Colorado ("Front Range Colorado").

3.     Defendant Front Range Environmental, LLC is an Illinois limited liability company with its principal place of business in the City and County of Denver, Colorado (collectively with Front Range Colorado, "Front Range").

4.     Defendant Custom Environmental Services, Inc. is a Colorado corporation with its principal place of business in Arvada, Jefferson County, Colorado ("CES").

5.     Defendant Power Services Company is a Colorado corporation with its principal place of business in Greeley, Weld County, Colorado ("PSC").

### JURISDICTION AND VENUE

6.     This Court has jurisdiction pursuant to C.R.S. § 13-1-124.

7.     Venue is proper in this Court pursuant to C.R.C.P. 98(c).

### FACTUAL ALLEGATIONS

8.     Wal-Mart owns and operates a Wal-Mart Supercenter retail business store located at 3103 23rd Avenue in Greeley, Colorado 80631 (the "Greeley store").

### *Wal-Mart Contracts for Grease Trap Clean-Up Services*

9.     On or about December 12, 2007, the grease trap located at the Greeley store overflowed.

10.    That same day, Wal-Mart hired Defendant Front Range to provide emergency response services relating to the clean-up of the grease trap overflow at the Greeley store.

11.    Front Range thereafter entered into a subcontract with CES to perform all or a portion of the clean-up services for which Front Range was responsible pursuant to its agreement with Wal-Mart.

12.    Pursuant to a written Authorization to Proceed executed between CES and Front Range, CES was responsible for pressure washing the parking lot, containing all waste, and profiling the waste for removal.

2

13.    CES, in turn, entered into a written subcontract agreement with PSC in which PSC agreed to assume certain clean-up duties identified in the CES subcontract. PSC employees were tasked with scraping the parking lot of contaminated snow and ice and thereafter containing the debris within poly containment pallets and manufactured snow berms.

14.    Front Range, CES, and PSC began to perform clean-up services at the Greeley store beginning the afternoon of December 12, 2007 and continued their efforts through December 20, 2007.

15.    Front Range invoiced Wal-Mart and was fully paid for all services rendered in connection with the clean-up effort.

### *Holly Averyt's Suit*

16.    On December 13, 2007, Holly Averyt, a truck driver delivering goods to the Greeley store, slipped and fell in the loading dock on grease and ice that Front Range, CES and PSC were contracted to clean up.  Averyt suffered bodily injuries, for which she filed a lawsuit in Weld County District Court, Case No. 2009-CV-001149, naming Wal-Mart as a defendant.

17.    The negligence and premises liability claims asserted in the Averyt Suit were caused by the sole actions and/or omissions of Defendants because Front Range, CES, and PSC were responsible for exterior maintenance and clean up of the grease trap overflow that occurred at the Greeley Store.

18.    On December 1, 2010, the trial court entered a judgment on the jury verdict in favor of Ms. Averyt and against Wal-Mart.  Following a Rule 21 proceeding brought by Ms. Averyt, the trial court entered an Order re: Amended Judgment in the collective amount of $12,706,474.20, including damages, prejudgment interest, trial costs, and appellate costs.

19.    Wal-Mart provided notice of the Averyt Suit to each of the Defendants and demanded that each of them contribute their fair *pro rata* share of the verdict and/or indemnify Wal-Mart.

20.    Defendants refused to contribute, defend or indemnify Wal-Mart for the claims made in the Averyt Suit.

21.    On or about May 3, 2013, before Wal-Mart's appeal was finally concluded, Wal-Mart entered into a settlement agreement with Ms. Averyt by which Wal-Mart agreed to pay Ms. Averyt a substantial amount in resolution of her claims. In the settlement agreement, Wal-Mart extinguished not only its own liability to Ms. Averyt, but

also the liabilities of Defendants to Ms. Averyt. Wal-Mart then dismissed its pending appeal.

## First Claim for Relief
### (Negligence – Against All Defendants)

22.     Wal-Mart incorporates its foregoing Complaint as if fully set forth herein.

23.     Defendants each had a duty to Wal-Mart, and to the public, including Ms. Averyt, to exercise reasonable care and skill in their provision of emergency response clean-up services at the Greeley store.

24.     Defendants breached their duties by negligently providing deficient services.

25.     Defendants' deficient services caused Wal-Mart to incur costs and expenses that Wal-Mart would not otherwise have incurred.

26.     As a direct and proximate result of Defendants' breaches of their duties, Wal-Mart suffered damages in an amount to be proven at trial.

## Second Claim for Relief
### (Contribution - Against All Defendants)

27.     Wal-Mart incorporates its foregoing Complaint as if fully set forth herein.

28.     Ms. Averyt's claims and damages against Wal-Mart were the proximate result of the tortious acts and omissions of Defendants.

29.     In its settlement with her, Wal-Mart has paid to Ms. Averyt more than its pro rata share of the common liability of Wal-Mart and Defendants.

30.     The liabilities of Defendants to Ms. Averyt were expressly extinguished by Wal-Mart's settlement with Ms. Averyt.

31.     Pursuant to Colorado and Arkansas law, as applicable, Wal-Mart has a statutory right of contribution from each Defendant in an amount corresponding to its respective pro rata share of the common liability.

## Third Claim for Relief
### (Declaratory Judgment – Against All Defendants)

32.     Wal-Mart incorporates its foregoing complaint as if fully set forth herein.

4

33.     A real and justiciable controversy exists between Wal-Mart and Defendants as to Defendants' respective obligations, in tort and in contact, to contribute, defend, indemnify and hold Wal-Mart harmless.

34.     Wal-Mart is entitled to a declaration that it is entitled to contribution, defense, indemnification and to be held harmless by Defendants from Ms. Averyt's claims.

### Fourth Claim for Relief
### (Breach of Contract – Against Front Range)

35.     Wal-Mart incorporates its foregoing complaint as if fully set forth herein.

36.     Wal-Mart entered into written and oral agreements with Front Range to perform emergency response clean up services at the Greeley store.

37.     Front Range, for itself and through its agents and subagents, owed a contractual duty to Wal-Mart to perform its services in a professional and workmanlike manner using ordinary care in accordance with applicable industry standards, practices, codes, and guidelines.

38.     In addition, Front Range owed a contractual duty to Wal-Mart to "indemnify, defend and hold [Wal-Mart and others harmless] against and from any and all lawsuits, claims, actions, expenses (including reasonable attorney's fees and costs), damages (including punitive, consequential and exemplary damages), obligations . . . . , liabilities, and liens (including, without limitation, claims for personal injury (even if solely emotional in nature), death and damage to property) ("Claims") arising out of or related to (1) the acts, omissions, negligence or willful misconduct of [Front Range], its employees, agents, representatives, suppliers or subcontractors in connection with the provision of the services, (2) any breach, violation or default by [Front Range] of this Agreement or any Scope of Work . . . ."

39.     The Averyt Suit, and its consequences, arose out of and/or were related to the acts, omissions, or negligence of Front Range, its employees, agents, representatives, suppliers or subcontractors in connection with the provision of the services, and by a breach, violation or default by Front Range of its contract with Wal-Mart.

40.     Wal-Mart has fully performed its obligations under the contract.

41.     Front Range breached its contractual duties to Wal-Mart by failing to provide services in a professional and workmanlike manner using ordinary care in accordance with applicable industry standards, practices, codes, and guidelines, and by

5

failing to indemnify, defend and hold Wal-Mart harmless against and from the Averyt Suit and its consequences.

42.    As a direct and proximate result of Front Range's breaches of contract, Wal-Mart has incurred, and will continue to incur, damages, losses, costs and expenses in an amount to be proven at trial, plus attorneys' fees, together with interest and costs from the date of the breach.

### Fifth Claim for Relief
### (Breach of Express and Implied Warranties– Against Front Range)

43.    Wal-Mart incorporates its foregoing complaint as if fully set forth herein.

44.    Front Range expressly and impliedly warranted that its services would be performed in accordance with acceptable standards of practice and/or in a workmanlike manner.

45.    Front Range breached its express and implied warranties.

46.    As a direct and proximate result of Front Range's breaches, Wal-Mart has incurred, and will continue to incur, damages, losses, costs and expenses in an amount to be proven at trial, plus attorneys' fees, together with interest and costs from the date of the breach.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Wal-Mart Stores, Inc, prays that the Court enter judgment in its favor against Defendants Front Range Environmental, Front Range Environmental, LLC, Custom Environmental Services, Inc., and Power Services, for its fees and costs as permitted by law and by the parties' contracts, for pre- and post-judgment interest as allowed by law, and for any other relief the Court deems proper.

### PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.

December 9, 2013

TREECE ALFREY MUSAT P.C.


/s/ original signature on file
Michael L. Hutchinson
*Attorneys for Plaintiff*

6

Plaintiff's Address:
702 Southwest 8th Street, MS 0215
Bentonville, AR 72716-0215