# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### WESTERN DIVISION

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY,<br>*Plaintiff*,<br><br>v.<br><br>FRONT RANGE ENVIRONMENTAL, LLC,<br>*Defendant*. | Civil Case No. 3:14-cv-50083<br><br>Judge Philip G. Reinhard<br><br>Magistrate Judge Iain D. Johnston |

## PLAINTIFF NAUTILUS INSURANCE COMPANY'S
## MOTION FOR ENTRY OF DEFAULT JUDGMENT

Plaintiff, Nautilus Insurance Company ("Nautilus"), respectfully requests that the Court enter judgment by default against Defendant, Front Range Environmental, LLC ("FRE"), pursuant to Federal Rule of Civil Procedure 55(b)(2). In support thereof, Nautilus states as follows:

1. On April 21, 2014, Plaintiff Nautilus filed its Complaint for Declaratory Judgment against Defendant FRE. [Dkt. #1]. A week later, on April 28, 2014, it filed its Amended Complaint for Declaratory Judgment against FRE, wherein it seeks a declaration that it has no obligation to provide insurance coverage to FRE for defense or indemnity with respect to a lawsuit filed against FRE by Wal-Mart Stores, Inc., styled *Wal-Mart Stores, Inc. v. Front Range Environmental et al.*, Case No. 2013CV32289 (Jefferson Cty., Colorado) (the "Wal-Mart Action"). (Amended Complaint ¶¶ 2-3 & Prayer for Relief) [Dkt. #7].

2. In the Wal-Mart Action, Wal-Mart is seeking reimbursement from FRE and others for a settlement Wal-Mart paid to Holly Averyt, who allegedly was injured when she

slipped and fell on ice and grease at a Wal-Mart store in Greeley, Colorado. (*Id.* ¶ 2). Wal-Mart alleges that it hired FRE to provide emergency response services relating to the clean-up of a grease trap overflow at the Colorado store. (*Id.*)

3. Prior to the initiation of the present declaratory judgment action, FRE provided Nautilus with notice of Wal-Mart's claim against FRE, sent Nautilus a copy of the Wal-Mart Action, and contended that FRE was entitled to insurance coverage for the Wal-Mart Action under certain insurance policies Nautilus issued to FRE. (*Id.* ¶¶ 3, 15, 19 & Ex. C thereto). Those policies include an Environmental Combined Policy, Policy No. ECPC1516377-10, and an Excess Liability Insurance Policy, Policy No. FFX1516375-10 (collectively, the "Nautilus Policies"). (*Id.* ¶¶ 23, 34 & Exs. G & H thereto) [Dkt #7; Dkt. #15 (corrected Exhibit G & Exhibit H)]. The policy period for both Nautilus Policies is May 1, 2010 to May 1, 2011. (*Id.*)

4. The Nautilus Policies are attached as Exhibits G and H to the Amended Complaint. [Dkt. #7; Dkt # 15 (corrected Exhibit G & Exhibit H)]. The relevant language and provisions of the Nautilus Policies are set forth in paragraphs 23-39 of the Amended Complaint.

5. Nautilus denies that FRE is entitled to a defense or indemnity for the Wal-Mart Action under the Nautilus Policies, including for the reasons detailed in paragraph 41 of its Amended Complaint. (*Id.* ¶¶ 3, 16, 20-22, 41(A)-(P) & Exs. D-F thereto). [Dkt. #7; Dkt. #15 (corrected Exhibit F)].

6. Because an actual controversy exists between Nautilus and FRE concerning whether, and to what extent, the Nautilus Policies may provide a duty to defend or indemnify FRE for the Wal-Mart Action, Nautilus filed the instant lawsuit seeking a declaration that it

does not have any obligation under the Nautilus Policies to defend or indemnify FRE for the Wal-Mart Action. (*Id.* Count I (¶¶ 40-41)).

7.      A Summons was issued to Defendant FRE on May 27, 2014.

8.      FRE was served with a copy of the Summons and Amended Complaint on May 27, 2014, as reflected on the Affidavit of Process Server, which was filed on May 27, 2014. [Dkt. #10].

9.      An answer to the Amended Complaint was due on June 17, 2014. To date, no answer, appearance or other pleading has been filed by or on behalf of FRE.

10.      Nautilus has made numerous attempts to contact FRE to discuss FRE's failure to appear, answer or otherwise defend against this declaratory judgment action, but has not received any response. (7/3/14 Declaration in Support of Request for Entry of Default, ¶ 7; 7/3/14 Initial Status Report, ¶¶ 5, 7 & Ex. A thereto) [Dkt. #11-12].

11.      Given FRE's failure to answer or defend this lawsuit, and pursuant to Federal Rule of Civil Procedure 55(a), Nautilus filed a Request for Entry of Default on July 3, 2014. [Dkt. #11]. After a status hearing was held before the Honorable Iain D. Johnston on July 10, 2014, in which neither FRE nor anyone acting on its behalf appeared, this Court issued a minute entry directing the Clerk of the Court to enter a default under Rule 55(a). [Dkt. #13]. The Clerk of the Court entered a default against FRE on July 11, 2014. [Dkt. #14]. Plaintiffs sent FRE—both by e-mail and certified mail—a copy of the minute entry reflecting the clerk's entry of the default against FRE. (Ex. 1, attached hereto).

12.      In considering a Motion for Default Judgment, the "well-pleaded allegations of the complaint relating to liability are taken as true." *Merrill Lynch Mortg. Corp. v. Narayan*, 908 F.2d 246, 253 (7th Cir. 1990). Based upon the well-pleaded allegations in the Amended

Complaint, as well as the language of the Nautilus Policies set forth therein, Nautilus is entitled to a default judgment in this case. Specifically, Nautilus is entitled to a declaration that it has no obligation under the Nautilus Policies to defend or indemnify FRE with respect to the Wal-Mart Action.

13.     FRE is a limited liability corporation and not a minor or incompetent person.

WHEREFORE, Nautilus respectfully requests that the Court enter judgment by default in favor of Nautilus and against FRE, declaring that:

A.      Nautilus has no obligation to defend or indemnify FRE under Environmental Combined Policy, Policy No. ECPC1516377-10, with a policy period May 1, 2010 to May 1, 2011, with respect to *Wal-Mart Stores, Inc. v. Front Range Environmental et al.*, Case No. 2013CV32289 (Jefferson Cty., Colorado); and

B.      Nautilus has no obligation to defend or indemnify FRE under Excess Liability Insurance Policy, Policy No. FFX1516375-10, with a policy period May 1, 2010 to May 1, 2011, with respect to *Wal-Mart Stores, Inc. v. Front Range Environmental et al.*, Case No. 2013CV32289 (Jefferson Cty., Colorado).

Dated:  July 23, 2014                          Respectfully submitted,

                                               /s/ Elissa Isaacs
                                               STEPTOE & JOHNSON LLP
                                               Elissa Isaacs, Bar No. 6207162
                                               115 South LaSalle Street
                                               Suite 3100
                                               Chicago, IL 60603
                                               312-577-1300
                                               eisaacs@steptoe.com

                                               *Counsel for Plaintiff Nautilus Insurance Company*

4

## CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2014, I caused Plaintiff Nautilus Insurance Company's Motion for Entry of Default Judgment to be served via the Electronic Case Filing System of the United States District Court for the Northern District of Illinois.

I further certify that on this date I caused a copy of Plaintiff Nautilus Insurance Company's Motion for Entry of Default Judgment to be served on Defendant Front Range Environmental, LLC by causing it to be hand-delivered to Defendant's registered agent, CT Corporation, at the address stated below, and by causing a copy to be sent by both certified mail and email to Bill Heffernan at Front Range Environmental, LLC at the addresses stated below:

CT Corporation (Registered Agent)
208 South LaSalle Street
Suite 814
Chicago, IL 60604

Bill Heffernan
Front Range Environmental, LLC
2110 West Wright Road
McHenry, IL 60050
Email: bheffernan@frontrangeenvironmental.com
        billheffernan@comcast.net


Dated: July 23, 2014                    /s/ Elissa L. Isaacs_____
                                        Elissa L. Isaacs
                                        *Counsel for Plaintiff Nautilus Insurance*
                                        *Company*